UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil No. 4:18-CV-00162

| | |
|---|---|
| FIORE LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **COMPLAINT** |
| FOOD FARM, INC., d/b/a PIGGLY WIGGLY, and SPARTANNASH COMPANY, | ) ) ) |
| Defendants. | ) |

NOW COMES Fiore, LLC d/b/a Fiore Artisan Olive Oils and Vinegars ("Fiore") and complains against Food Farm, Inc. d/b/a Piggly Wiggly ("Piggly Wiggly") and SpartanNash Company ("Spartan Nash") for false advertising in violation of the Lanham Act and other wrongs for the reasons that follow:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Fiore is a limited liability company organized and existing under the laws of the state of Maine , with its principal place of business in Maine.

2. Defendant Piggly Wiggly is a corporation organized and existing under the laws of the state of North Carolina corporation, with a principal office in, Kinston, North Carolina.

3. Defendant Piggly Wiggly operates Piggly Wiggly stores in East Central and Eastern North Carolina.

4. Defendant Spartan Nash is a corporation organized and existing under the laws of the state of Michigan, which conducts business and maintains a place of business in North Carolina.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Fiore's claims arise under federal law, and pendent jurisdiction under 28 U.S.C. § 1367 over Fiore's state law claims because they arise from the same nucleus of operative fact.

6. This Court has personal jurisdiction over Piggly Wiggly because it is a citizen of the State of North Carolina.

7. This Court has personal jurisdiction over Spartan Nash because it conducted business with Piggly Wiggly in North Carolina and in so doing committed tortious conduct and violated federal law within this judicial district as set forth in greater detail below.

8. Venue is appropriate under 28 U.S.C. § 1391 because Piggly Wiggly resides within this judicial district and the facts giving rise to this claim occurred within this judicial district.

## FACTS

9. Fiore has been in the business of selling premium artisan olive oils and vinegars since 2009.

10. Fiore owns a federally registered trademark for FIORE in relation to olive oils and balsamic vinegars (U.S. Reg. No. 3,997,364). A copy of that registration is attached hereto as **Exhibit A**. The mark "consists of olive leaves arched at the top and the bottom of the logo with the words 'Fiore Artisan Olive Oils And Vinegars' nested inside the two sets of olive leaves." It appears as follows:



11. Upon information and belief, Piggly Wiggly's North Carolina stores serve customers in North Carolina and its bordering states of Virginia and South Carolina, among other locales.

12. At all relevant times, Piggly Wiggly sold a low-cost, blended olive oil product under the trademark FIERO.

13. Spartan Nash is a large food distributor that distributes to grocery stores, primarily in the Midwest.

14. Spartan Nash also has distribution locations in the Mid-Atlantic, including a wholesale distribution center in Lumberton, North Carolina.

15. During the weeks spanning July 23, 2017 through September 23, 2017, Spartan Nash ran a weekly advertisement in East Central and Eastern North Carolina containing a promotion for "Fiore Extra Virgin Olive Oil" next to a picture of a bottle of olive oil bearing the FIORE trademark.

16. A copy of the advertisement is attached hereto as **Exhibit B** (the "Advertisement"). In relevant part, it contains the following image:



17. Spartan Nash ran the advertisement on behalf of Piggly Wiggly.

18. The Advertisement indicated that Fiore olive oil was available for purchase at Piggly Wiggly for $2.99.

19. Fiore sells no products in that price range, and in fact, sells bottles of olive oil for more than $30.00.

20. A North Carolina resident familiar with Fiore saw the Advertisement and went to a local Piggly Wiggly to buy all of the Fiore olive oil available at the discounted price of $2.99.

21. The resident discovered that the Piggly Wiggly was actually selling FIERO olive oil for $2.99. A picture of the shelf at the customer's local Piggly Wiggly in North Carolina is attached hereto as **Exhibit C**.

22. Piggly Wiggly was not selling Fiore products.

23. Piggly Wiggly did not have and has never had permission to sell Fiore products.

24. Following discovery of the Advertisement, counsel for Fiore contacted Piggly Wiggly and Spartan Nash concerning the advertisements and the sale of FIERO olive oil.

25. Since that contact, Piggly Wiggly has ceased selling FIERO branded olive oil.

26. Nonetheless, Piggly Wiggly and Spartan Nash have refused to run corrective advertising or otherwise address the injuries resulting from their false advertising using the FIORE mark.

## COUNT I – FALSE ADVERTISING
## 15 U.S.C. § 1125(a)

27. Fiore realleges and incorporates all paragraphs above as if set forth herein.

28. Defendants used a false designation of origin by using the FIORE trademark and logo on the Advertisement.

29. Defendants did so in interstate commerce because the Piggly Wiggly stores service customers from states outside of North Carolina, including from the bordering states of Virginia and South Carolina.

30. Defendants' conduct was also in interstate commerce because it involved an advertisement run by Spartan Nash (a Michigan company) on behalf of Piggly Wiggly (a North Carolina company).

31. Defendants' Advertisement was issued in connection with goods or services, namely olive oil.

32. Defendant's Advertisement has actually deceived and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Piggly Wiggly with Fiore.

33. Defendant's Advertisement is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of Defendants' goods by Fiore.

34. Fiore has sustained and is likely sustain irreparable injury and harm, including to its reputation and food will as a direct and proximate result of Defendants' conduct.

35. Defendants' conduct constitutes an exceptional case of trademark infringement under **1**5 U.S.C. § 1117(a) such that the Court should award Fiore reasonable attorneys' fees and costs.

## COUNT II – Unfair and Deceptive Trade Practices
## N.C. Gen. Stat. § 75-1.1, *et seq.*

36. Fiore realleges and incorporates all paragraphs above as if set forth herein.

37. By running the false and misleading Advertisement and selling FIERO olive oil, as well as by their unwarranted refusal to correct the admittedly false and misleading Advertisement, Defendants have engaged in conduct that is unethical, oppressive, and unscrupulous, constituting an unfair method and deceptive act or practice.

38. Defendants' conduct constitutes an unfair method of competition in or affecting commerce in North Carolina.

39. Fiore has sustained and will continue to sustain irreparable injury and harm, including to its reputation and goodwill, as a direct and proximate result of Defendants' unfair and deceptive trade practices.

40. Fiore is entitled and seeks actual damages, treble damages, and reasonable attorneys' fees, pursuant to N.C. Gen. Stat. §§ 75-16 and 75-16.1.

WHEREFORE, Fiore, LLC requests that this Honorable Court:

A. Enter a judgment in favor of Plaintiff and against Defendants on each of Plaintiff's claims;

B. Enter an injunction prohibiting the Defendants from making any use whatsoever of Fiore's trademarks and trademarked products, including but not limited to using them in advertisements;

C. Order the Defendants to provide an accounting of all monies received as a result of their improper conduct;

D. Award Fiore damages as a result of Defendants' conduct;

E. Treble the compensatory damages awarded pursuant to N.C. Gen. Stat. § 75-16;

F. Award Fiore a to-be-determined sum for corrective advertising;

G. Award Fiore reasonable attorneys' fees and costs, pursuant to N.C. Gen. Stat. § 75-16.1, *et seq.*, and applicable law;

H. Order and trial by jury on all counts so triable;

I. Grant such other relief in favor of Plaintiff as the Court deems just and proper.

This 19th day of September, 2018.

> */s/ Edward J. Sackman*
> Edward J. Sackman,
> BERNSTEIN SHUR, P.A.
> P.O. Box 1120
> Manchester, New Hampshire 03105

6

PPAB 4447196v1

Case 4:18-cv-00162-FL   Document 1   Filed 09/19/18   Page 6 of 7

(603) 623-8700
nsackman@bernsteinshur.com
N.H. State Bar No. 19586
*Attorney for Plaintiff Fiore, LLC*
(CM/ECF Login Forthcoming)

*/s/ Jami J. Farris*
Jami J. Farris
Parker Poe Adams & Bernstein LLP
401 S. Tryon Street, Suite 3000
Charlotte, North Carolina  28202
jamifarris@parkerpoe.com
(704) 335-9008
Fax  (704)334-4706
N.C. Bar No. 26915
Local Civil Rule 83.1 Counsel for Plaintiff